UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24434

HERBERT PRUNA, JR.,

    Plaintiff,

vs.

HOME DEPOT U.S.A, INC. and
COMPACT POWER EQUIPMENT, INC.,

    Defendants.
_____/

## COMPLAINT FOR UNPAID OVERTIME WAGE VIOLATION(S)

Plaintiff, Herbert Pruna, Jr., sues Defendants, Home Depot U.S.A., Inc. and Compact Power Equipment, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Herbert Pruna, Jr.**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material, and consents to participate in this lawsuit.

2. Plaintiff was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e), who earned but did not receive overtime wages calculated at time and one-half times his regular rate of pay for all of the time he spent working over 40 hours per week from Defendants at all times material.

3. **Defendant, Home Depot U.S.A., Inc. ("Home Depot")**, is a *sui juris* foreign for-profit corporation that conducts its for-profit business throughout Florida and that employed Plaintiff in South Florida, where it paid him.

4. **Defendant, Compact Power Equipment, Inc. ("Compact Power")**, is a

1

*sui juris* foreign for-profit corporation that conducts its for-profit business throughout Florida and that employed Plaintiff in South Florida, where it paid him.

5. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d).

6. Defendant, Home Depot purchased Defendant, Compact Power, and in so doing maintained many of the same employees, including supervisory personnel, thereby continuing the operations of Compact Power under Home Depot's name.

7. Plaintiff's experience was that Compact Power's equipment was rented at/through Home Depot stores in South Florida prior to this acquisition.

8. Thereafter, the same equipment continued to be rented from the same Home Depot locations.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants transacted business in this District, because Defendants paid Plaintiff in this District, and because Plaintiff worked for Defendants in this District.

10. This Court has original jurisdiction over Plaintiff's federal question claims involving 29 U.S.C. §201, *et seq*. and 26 U.S.C. §7434.

### *Background Facts*

11. Defendants regularly employed two or more employees that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce during the past three years, thus making Defendants' businesses enterprises covered under and subject to the Fair Labor Standards Act

12. Defendant, Home Depot has been an enterprise engaged in interstate commerce

at all times material as a foreign corporation doing business in Florida through its sales, marketing, assembly, and promotion of hardware, home goods, housewares, batteries, plumbing supplies, pesticides, tools, power equipment, materials, supplies and products that have moved through interstate commerce at their Home Depot hardware stores.

13.     Defendant, Compact Power also was an enterprise engaged in interstate commerce at all times material as a foreign corporation doing business in Florida through its rental, leasing, marketing, service, and promotion of power equipment rentals, materials, tools, supplies and products that have moved through interstate commerce.

14.     Both Defendants engaged in interstate commerce at all times material in the course of their regular and recurrent submission of billings and receipt of payment involving out-of-state payors, out-of state customers, as well as the regular and recurrent shipment of and receipt of packages to and from customers and suppliers located outside of the State of Florida.

15.     Defendants' respective gross revenues derived from this interstate commerce are in excess of $500,000.00 per year and/or $125,000 per fiscal quarter during each of the past three years.

16.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act also applies to Plaintiff's work for Defendants.

17.     Plaintiff worked for Defendants by ordering parts, repairing power equipment, fielding calls from customers, and locating missing equipment.

18.     Plaintiff worked for Defendant, Compact Power, from about from about October 2, 2012 until Defendant, Home Depot, purchased Compact Power.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19. Thereafter, Plaintiff continued working – albeit for Defendant, Home Depot – until September 24, 2018.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Defendant, Compact Power, paid plaintiff hourly rates of pay that ranged from $17.00 to $18.00.

22. Defendant, Home Depot, paid Plaintiff an hourly wage of $24.00.

23. Plaintiff was instructed that he could only input 8 hours of work per day, regardless of the actual hours he worked each day.

24. Plaintiff routinely worked more than 40 hours per week for Defendants.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

## **COUNT I – OVERTIME CLAIM AGAINST HOME DEPOT**

Plaintiff, Herbert Pruna, Jr., reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

27. Plaintiff complained to his immediate superior about Defendant, Home Depot's failure to pay him for overtime worked as a result of his and his co-workers' inability to include the time he spent working at home when entering time, but Plaintiff received no resolution to his complaint(s).

28. Defendant, Home Depot, willfully and intentionally refused to pay Plaintiff overtime wages at a rate of time and one-half times of his regular rate of pay for each of the

4

overtime hours worked during the relevant time period.

29. Defendant, Home Depot, either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled him to believe that it were not required to pay overtime by paying him overtime wages, and/or it concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay he earned.

WHEREFORE Plaintiff, Herbert Pruna, Jr., demands the entry of a judgment in his favor and against Defendant, Home Depot U.S.A., Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant, Home Depot U.S.A., Inc., be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant, Home Depot U.S.A., Inc., to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **COUNT II – OVERTIME CLAIM AGAINST COMPACT POWER**

Plaintiff, Herbert Pruna, Jr., reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

30. Defendant, Compact Power, willfully and intentionally refused to pay Plaintiff overtime wages at a rate of time and one-half times of his regular rate of pay for each of the overtime hours worked during the relevant time period.

31. Defendant, Compact Power, either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled him to believe that it were not required to pay overtime by paying him overtime wages, and/or it concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay he earned.

WHEREFORE Plaintiff, Herbert Pruna, Jr., demands the entry of a judgment in his favor and against Defendant, Compact Power Equipment, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant, Compact Power Equipment, Inc., be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant, Compact Power Equipment, Inc., to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 25th day of October, 2018.

>Respectfully Submitted,
>
>FAIRLAW FIRM
>*Counsel for Plaintiff*
>7300 N. Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:   305.230.4884
>Fax:   305.230.4844
>
>s/*Brian H. Pollock, Esq.*
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com